**David F. Sugerman**, OSB No. 862984
**Nadia H. Dahab**, OSB No. 125630
SUGERMAN LAW OFFICE
707 SW Washington St., Ste. 600
Portland, OR  97205
Tel: 503-228-6474
david@sugermanlawoffice.com
nadia@sugermanlawoffice.com

**David D. Park**, OSB No. 803358
ELLIOTT & PARK, P.C.
0324 S.W. Abernethy Street
Portland, Oregon 97239-4356
Tel: 503-227-1690
dave@elliott-park.com

**Michelle R. Burrows**, OSB No. 861606
MICHELLE R. BURROWS P.C.
1333 Orenco Station Parkway # 525
Hillsboro, OR 97124
Tel: 503-241-1955
michelle.r.burrows@gmail.com

**Jane L. Moisan**, OSB No. 181864
PEOPLE'S LAW PROJECT
818 S.W. 4th Ave. #221-3789
Portland, OR 97204
Tel: 971-258-1292
peopleslawproject@gmail.com

*Attorneys for Plaintiffs*
*(Additional counsel listed on signature page.)*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ANGELICA CLARK, ELLEN GASS, NATHANIEL WEST, ROWAN MAHER, ROBERT EVANS, and GARRISON DAVIS, individually and on behalf of all others similarly situated,<br><br>                                              Plaintiffs<br><br>v.<br><br>CHAD WOLF, Acting Secretary of the United States Department of Homeland Security; KENNETH T. CUCCINELLI, Senior Official Performing the Duties of the Deputy Secretary United States Department of Homeland Security; GABRIEL RUSSELL; ALLEN JONES; RUSSEL BURGER; ANDREW SMITH; MARK MORGAN; RICHARD CLINE; LEONOARD ERIC PATTERSON; DONALD WASHINGTON; DERRICK | No. 3:20-cv-01436-IM<br><br>**PLAINTIFFS' MOTION TO COMPEL AND ALTERNATIVE MOTION FOR ADDITIONAL DISCOVERY BEFORE RULE 26(f) CONFERENCE**<br><br>ORAL ARGUMENT REQUESTED |

DRISCOLL; JEFF TYLER; FPS SUPERVISORY OFFICERS NOS. 2, 6, 8, 14, 16, 41, 42, and 44; ICE SUPERVISORY OFFICER NO. 1; USMS SUPERVISORY OFFICERS CD, CG1, and OT1; CBP SUPERVISORY OFFICERS NOS. 1, 2, 85, 87, 89, 90, 17, 91, 28, 94, 95,96, 33, 98, 100-104, 106, 108, 109, 111, 112, 113, 67, 69, 114, 115, 72, 74, 116, 75, 119, 121, and 122; and JOHN DOE SUPERVISORY AND PATROL-LEVEL DEFENDANTS 1-140; agents of the U.S. Marshals Service, Federal Protective Service, U.S. Department of Homeland Security and U.S. Customs and Border Protection, acting in concert and in their individual capacities,

Defendants.

# LOCAL RULE (LR) 7-1 CERTIFICATION

Counsel for Plaintiffs certifies that they conferred in good faith with counsel for the United States on the issues raised in this motion. Notwithstanding that conferral, the parties could not reach an agreement on those issues. Counsel for Defendants takes no position on this motion. Counsel for the United States, which has filed a Statement of Interest in this action, opposes the motion.

## MOTION

Pursuant to Federal Rule of Civil Procedure ("Rule") 37, Plaintiffs respectfully move for an order compelling production from the United States of information necessary to complete service on the pseudonymously named Defendants and John Doe Defendants in this action. In the alternative, pursuant to Rule 26(d), Plaintiffs respectfully move for an order allowing additional early discovery for the purposes of uncovering information regarding the conduct and service addresses of those defendants. This motion is supported by the Declaration of Nadia H. Dahab ("Dahab Decl."), which is filed concurrently herewith.

**MEMORANDUM**

This is a putative class action lawsuit filed on behalf of lawfully protesting Oregonians who were subject to unconstitutionally excessive force of unlawful detention by federal officers during Portland's Black Lives Matter protests in July 2020. Plaintiffs' claims, brought individually and on behalf of a putative class, arise under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which recognized an implied right of action for harms resulting from Fourth Amendment violations by federal officers.

**I.   BACKGROUND**

A summary of the procedural history of this case and this Court's prior order allowing early discovery follows.

**A.   Procedural History**

Plaintiffs filed this lawsuit in August 2020. In their initial complaint, Plaintiffs named as defendants Chad Wolf, Kenneth Cuccinelli, and several Supervisory and Patrol-Level John Doe Defendants. ECF 1. Plaintiffs filed a First Amended Complaint in December 2020, naming six additional supervisory-level defendants. ECF 27. Since that time, this Court has entered a limited judgment in favor of Defendants Wolf and Cuccinelli,[1] ECF 95, and Defendants Mark Morgan, Russel Burger, Andrew Smith, Allen Jones, Gabriel Russell, and Richard Cline have filed motions pursuant to Rule 12(b)(6) for an order dismissing Plaintiffs' claims against them, ECF 101. In July 2021, the Court granted Plaintiffs leave to file a Second Amended Complaint, which named Leonard Eric Patterson, Donald Washington, Derrick Driscoll, and Jeff Tyler, and

---

[1]   That limited judgment currently is on appeal in the U.S. Court of Appeals for the Ninth Circuit.

which named pseudonymously an additional 48 supervisory-level defendants, ECF 96, the identities of which Plaintiffs learned through discovery this Court previously ordered, ECF 58.

### B. The Court's Prior Discovery Orders (ECF 26, 58)

In November 2020, Plaintiffs filed a motion seeking early third-party discovery pursuant to Rule 26(d)(1). ECF 14. Through that motion, Plaintiffs requested discovery sufficient to "identify and name the Doe defendants" so that Plaintiffs could "make them parties to this action." ECF 14, at 4–5. Defendants Wolf and Cuccinelli took no position on Plaintiffs' motion. ECF 18, at 2.[2] The United States then filed a statement of interest concerning the motion, in which it opposed Plaintiffs' request for discovery on the ground that such discovery was premature and inefficient. ECF 22, at 4–7. After a hearing, this Court granted Plaintiffs' motion "for the narrow purpose of determining the identity of the John Doe Defendants." The Court ordered Plaintiffs to "limit this discovery to information pertaining to the identity of the officers believed in good faith to be involved in the allegations from Plaintiffs'' complaint" and to "confer with [the United States] regarding the scope and timing of the subpoenas to federal agencies, as well as any appropriate protective orders necessary to protect the identity of the federal officers." ECF 26 (docket entry).

Thereafter, the parties conferred pursuant to the Court's order and could agree on the terms of an appropriate protective order. With the Court's permission, Plaintiffs and the United States filed supplemental briefing addressing the disputes that remained. ECF 32, 49. During a second hearing, the Court ordered the United States to produce "the identities of the agents or officers that were . . . involved in use of force incidents on the dates alleged by the named

---

[2]  At that time, Defendants Wolf and Cuccinelli were the only defendants identified by name in this action.

4 – PLAINTIFFS' MOTION TO COMPEL AND ALTERNATIVE MOTION FOR ADDITIONAL DISCOVERY BEFORE RULE 26(f) CONFERENCE

plaintiffs, and their [supervisory] chain of command." Dahab Decl. ¶ 2, Ex. A (Trans. at 34). The Court ordered production of such information for a defined geographical area (*i.e.*, the "protest zone," as defined at ECF 58) and within 21-days after entry of the order. The Court also granted Defendants' request to allow the Doe Defendants "to proceed anonymously in all public filings at this early stage of proceedings." ECF 58 (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068–69 (9th Cir. 2000)).

Between March 16 and June 23, 2021, the United States made several productions of information responsive to the Court's order but limited those productions to names of supervisory and patrol-level officers. Dahab Decl. ¶ 3. With the limited exception of the response related to the United States Marshals Service, the production did not include, for instance, the location of the officers' use of force; the date or time of the officers' use of force; the nature or type of force used; or the address for service of summons of each individual officer. Dahab Decl. ¶ 4, Ex. B. That information is necessary before Plaintiffs can make a good-faith determination of whether to name each patrol-level officer in this case and serve that officer with a summons and complaint.

To obtain the information that the United States failed to produce, Plaintiffs prepared deposition subpoenas and conferred with counsel for the United States on the timing, scope, and manner of service of those subpoenas. *See* ECF 26 (docket entry ordering such conferral). The parties' conferral took place on August 17, 2021. Dahab Decl.¶ 6. During the conferral, the United States explained that, in its view, the information sought through the subpoenas was premature and not within the scope of the Court's prior order. Dahab Decl. ¶ 6. Plaintiffs served the subpoenas on counsel for the United States the next day. Dahab Decl. ¶ 7, Exs. C–F. In response, on August 27, 2021, the United States sent a letter to counsel for Plaintiffs explaining

that, in its view, the subpoenas were "legally ineffective." Dahab Decl. ¶ 8, Ex. G. In the letter, counsel for the United States made clear its unwillingness to "voluntarily engage in the proposed discovery." Dahab Decl. ¶ 8, Ex. G. In further reply, counsel for Plaintiffs sent a letter to the United States, explaining the United States' failure to discharge its obligations under this Court's prior order, ECF 58, and explaining why the information sought through subpoenas was necessary to satisfy Plaintiffs' good-faith requirements for naming the patrol-level Doe defendants. Dahab Decl. ¶ 9, Ex. H. On October 5, 2021, the date noticed for a document subpoena response and Rule 30(b)(6) deposition from the Federal Protective Service (the first such date in the series of four), Plaintiffs received neither documents responsive to the subpoena nor any other communication from the United States.

In a follow-up email to counsel for the United States, Plaintiffs separately requested that the United States produce, at the very least, the information it understood to be within the scope of this Court's prior discovery order for the additional dates now at issue in Plaintiffs' operative complaint. *See* ECF 96, at ¶¶ 110–11 (adding claims arising on July 2, 4, 10–12, 15–17, 19–20, 28). The United States refused to do so.

## II.  MOTION COMPEL

In Plaintiffs' view, this Court's order allowing early third-party discovery with respect to the identity of the John Doe federal officers contemplated discovery sufficient to make a good-faith determination as to which officers should appropriately be named in Plaintiffs' complaint. Plaintiffs' counsel has an obligation under Rule 11(b) to make "inquiry reasonable under the circumstances" to ensure that the factual contentions against named defendants "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). The discovery the United States produced is deficient to the extent that it does

not fully enable counsel to fulfill that obligation. Because of those deficiencies, Plaintiffs now respectfully move for an order compelling production of the information south through Plaintiffs' proposed subpoenas.

Rule 37 allows parties to "move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). To support such a motion, the party seeking discovery is burdened with demonstrating that the information the party seeks is relevant under Rule 26(a)(1) or otherwise authorized by the Court under Rule 26(d). The party opposing discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Thomsen v. NaphCare, Inc.*, 2021 WL 839161, at *2 (D. Or. Mar. 5, 2021) (citing *Yufa v. Hach Ultra Analytics*, 2014 WL 11395243, at *1 (D. Or. Mar. 4, 2014) ("If a party elects to oppose a discovery request, the opposing party bears the burden of establishing that the discovery is overly broad, unduly burdensome, or not relevant.")). With respect to the identity of John Doe defendants, the Ninth Circuit has held that, rather than dismissing unknown defendants from an action "simply because the plaintiff is unaware of the identity of those defendants at the time of filing," the plaintiff "should be given the opportunity through discovery to identify the unknown defendants." *Cottrell v. Unknown Corr. Officers, 1–10*, 230 F.3d 1366, 1366 (9th Cir. 2000) (table) ("[T]he plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds."). Indeed, a district court abuses its discretion by *not* allowing early discovery for the purpose of identifying Doe defendants when it is likely that discovery will uncover their identities. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Voltage Pictures, LLC v. Doe-98.232.236.10*, 2015 WL 400885, at *1 (Jan. 28, 2015) (citing *Gillespie*, 629 F.3d at 642).

7 – PLAINTIFFS' MOTION TO COMPEL AND ALTERNATIVE MOTION FOR ADDITIONAL DISCOVERY BEFORE RULE 26(f) CONFERENCE

Pursuant to Plaintiffs' prior motion for early third-party discovery, this Court already has ordered the United States to produce information sufficient to allow Plaintiffs to appropriately identify and name supervisory and patrol-level officers in their complaint in this action. ECF 58. The United States has failed to do so. Plaintiffs now respectfully request an order compelling the United States to produce additional information, set forth in the attached Rule 45 deposition subpoenas, generally including:

(1) the names of particular patrol-level officers who used force at the specific locations at which Plaintiffs suffered injury;
(2) the method and manner in which those patrol-level officers used force at the locations identified;
(3) for each of the patrol-level officers identified in (1), above, whether the officer documented his use of force in a use-of-force report and, if so, the contents and locations of those reports;
(4) for each patrol-level officer identified in (1), above, the circumstances relied upon as legal authority for the officer's use of force, whether those circumstances were documented in a report, and, if so, the contents and locations of those reports;
(5) for each patrol-level officer identified in (1), above, the officer's address for service of summons;
(6) for each patrol-level officer identified in (1), above, the names and service addresses for each supervisory officer in the patrol-level officer's chain of command.

*See also* Dahab Decl. ¶ 7, Exs. C–F (the Rule 45 deposition subpoenas that Plaintiffs served on the United States). Such information is necessary for Plaintiffs to make a good-faith determination of which patrol-level officers should be named as defendants in this action, and to complete service of summons and the complaint on those defendants. On those grounds, Plaintiffs respectfully urge the Court to grant their motion to compel the United States to produce such information.

8 – PLAINTIFFS' MOTION TO COMPEL AND ALTERNATIVE MOTION FOR ADDITIONAL DISCOVERY BEFORE RULE 26(f) CONFERENCE

### III.    ALTERNATIVE MOTION FOR ORDER AUTHORIZING ADDITIONAL EARLY DISCOVERY

In the alternative, Plaintiffs respectfully move for an order allowing additional early discovery pursuant to Rule 26(d)(1).[3] Again, this Court previously ordered limited early discovery in this case for the purpose of uncovering the identities of the John Doe defendants. ECF 26 (ordering limited third-party discovery "for the narrow purpose of determining the identity of the John Doe Defendants" and limiting such discovery "to information pertaining to the identity of federal officers believed in good faith to be involved in the allegations from Plaintiffs' Complaint"). Since that time, however, counsel for the United States has produced only the names of the John Doe Defendants; counsel has failed to produce additional information necessary to permit counsel for Plaintiffs to make a good-faith determination of the nature of each John Doe Defendant's involvement in the events giving rise to this case.

Plaintiffs thus alternatively request an order authorizing additional early third-party discovery pursuant to Rule 26(d). Such discovery generally is permitted to allow plaintiffs to identify unknown defendants. *See Cottrell*, 230 F.3d at 1366. Failure to allow such additional discovery constitutes an abuse of discretion. *See Gillespie v. Civiletti*, 629 F.2d at 642.

Specifically, Plaintiffs seek the information set forth in the attached Rule 45 deposition subpoenas, which generally includes the following:

(7)    the names of particular patrol-level officers who used force at the specific locations at which Plaintiffs suffered injury;
(8)    the method and manner in which those patrol-level officers used force at the locations identified;
(9)    for each of the patrol-level officers identified in (1), above, whether the officer documented his use of force in a use-of-force report and, if so, the contents and locations of those reports;

---

[3]    Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 269(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

9 – PLAINTIFFS' MOTION TO COMPEL AND ALTERNATIVE MOTION FOR ADDITIONAL DISCOVERY BEFORE RULE 26(f) CONFERENCE

(10) for each patrol-level officer identified in (1), above, the circumstances relied upon as legal authority for the officer's use of force, whether those circumstances were documented in a report, and, if so, the contents and locations of those reports;

(11) for each patrol-level officer identified in (1), above, the officer's address for service of summons;

(12) for each patrol-level officer identified in (1), above, the names and service addresses for each supervisory officer in the patrol-level officer's chain of command.

Again, such information is necessary to permit counsel for Plaintiffs to make a good-faith determination of the nature of each John Doe Defendant's involvement in the events giving rise to this case, and to name and serve the appropriate John Doe Defendants with a summons and complaint in this case. Plaintiffs therefore have established good cause for their request for such information. *See generally Voltage Pictures, LLC*, 2015 WL 1579533, at *4 (explaining the good cause standard for allowing early discovery).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully urge the Court to issue an order compelling the United States to produce the information described above. In the alternative, to the extent that the Court concludes that its prior order did not contemplate production of such information, Plaintiffs respectfully urge the Court to issue an order authorizing additional early discovery.

DATED this 25th day of October, 2021.

Respectfully submitted,

| | |
|---|---|
| **Christopher A. Larsen**, OSB No. 910679<br>PICKETT DUMMIGAN MCCALL LLP<br>210 SW Morrison St., 4th Fl.<br>Portland, Oregon 97204<br>Tel: 503-223-7770<br>Fax: 503-227-5350<br>chris@pdm.legal | /s/ Nadia H. Dahab<br>**David F. Sugerman**, OSB No. 862984<br>**Nadia H. Dahab**, OSB No. 125630<br>SUGERMAN LAW OFFICE<br>707 SW Washington St. Ste. 600<br>Portland, Oregon 97205<br>Tel: 503-228-6474<br>david@sugermanlawoffice.com<br>nadia@sugermanlawoffice.com |
| **Gabriel Chase**, OSB No. 142948<br>CHASE LAW, PC<br>621 S.W. Alder St., Ste. 600<br>Portland, OR 97205<br>Tel: 503-294-1414<br>Fax: 503-294-1455<br>gabriel@chaselawpc.net | **David D. Park**, OSB No. 803358<br>ELLIOTT & PARK, P.C.<br>0324 S.W. Abernethy Street<br>Portland, Oregon 97239-4356<br>Tel: 503-227-1690<br>Fax: 503-274-8384<br>dave@elliott-park.com |
| **Michelle R. Burrows**, OSB No. 861606<br>MICHELLE R. BURROWS P.C.<br>1333 Orenco Station Parkway # 525<br>Hillsboro, OR 97124<br>Tel: 503-241-1955<br>michelle.r.burrows@gmail.com | **Jane L. Moisan**, OSB No. 181864<br>PEOPLE'S LAW PROJECT<br>818 S.W. 4th Ave. #221-3789<br>Portland, OR 97204<br>Tel: 971-258-1292<br>peopleslawproject@gmail.com |
| **Joe Piucci**, OSB No. 135325<br>PIUCCI LAW LLC<br>900 SW 13th Ave., Ste. 200<br>Portland, OR 97205<br>Tel: 503-228-7385<br>Fax: 503-228-2571<br>joe@piucci.com | **Erious Johnson, Jr.**, OSB No. 130574<br>HARMON JOHNSON LLC<br>1415 Commercial St SE<br>Salem, OR 97302<br>Tel: (503) 991-8545<br>Fax: (503) 622-8545<br>Ejohnson.HJLLC@gmail.com |

11 – PLAINTIFFS' MOTION TO COMPEL AND ALTERNATIVE MOTION FOR ADDITIONAL DISCOVERY BEFORE RULE 26(f) CONFERENCE